UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CAMBRIDGE CAPITAL GROUP ADVISORS, LLC, et al.,

Defendants.

Case 4:19-cv-00420

**FINAL JUDGMENT AS TO DEFENDANT DON WARNER REINHARD**

The Securities and Exchange Commission having filed a Complaint and Defendant Don Warner Reinhard having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of client funds,

    (D) compensation to any person,

    (E) Defendant's qualifications to advise clients; or

    (F) the misappropriation of client funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of client funds,

    (D) compensation to any person,

    (E) Defendant's qualifications to advise clients; or

    (F) the misappropriation of client funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by using the mails or any means or instrumentality of interstate commerce:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of client funds,

    (D) compensation to any person,

    (E) Defendant's qualifications to advise clients; or

    (F) the misappropriation of client funds or investment proceeds.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8(a) thereunder [17 C.F.R. § 275.206(4)-8(a)], by using the mails or any means or instrumentality of interstate commerce, while engaged in the business of advising a pooled investment vehicle for compensation as to the advisability of investing in, purchasing or selling securities:

(a) to make any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle, or

(b) otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative, with respect to any investor or prospective investor in a pooled investment vehicle, by

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

5

(C) the use of client funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise clients; or

(F) the misappropriation of client funds or investment proceeds.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 203(f) of the Advisers Act [15 U.S.C. § 80b-3(f)] by willfully becoming, or being associated with, an investment adviser in contravention of the Commission's Order barring Reinhard from affiliation with any broker, dealer, or investment adviser, in In the Matter of Don Warner Reinhard, Securities Exchange Act of 1934 Rel. No. 63720, Investment Advisers Act of 1940 Rel. No. 3139, Admin. Proc. File No. 3-13280 (January 14, 2011).

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains and prejudgment interest thereon; that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission; and that prejudgment interest shall be calculated from August 29, 2019, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Upon motion of the Commission, the Court shall determine whether a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)], and/or Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] is appropriate and, if so, the amount of the penalty. In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed as true.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

SO ORDERED on March 8, 2021.

s/Robert L. Hinkle<br>United States District Judge